FOR THE

### COUNTY OF BENNINGTON.

FEBRUARY TERM, 1850.

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. DANIEL KELLOGG,
Hon. HILAND HALL, } ASSISTANT JUDGES.
Hon. LUKE P. POLAND,

---

## AUGUSTUS BELKNAP v. SAMUEL L. GODFREY, JR.

Payment of a debt, after a suit has been commenced and costs incurred, will not preclude the plaintiff from afterwards recovering judgment for nominal damages and his costs, unless the claim for costs have been released, or waived.

But where a creditor, who resided in New York, commenced an action upon book account against his debtor in this state, and afterwards saw the debtor in New York, and demanded of him payment of the debt there, and threatened to commence a suit against him there, unless he complied, and denied, that the suit in this state was commenced by his direction, or authority, and thereupon the defendant paid the amount, which the plaintiff claimed, and the plaintiff executed and delivered to him a receipt in full of accounts, it was held, that these declarations of the plaintiff were equivalent to an express waiver of his claim for costs in the suit in this state.

Belknap *v.* Godfrey.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported, that after this suit was commenced and entered in court, the defendant being in New York, where the plaintiff resided, the plaintiff threatened to sue him upon the account there, and denied, that he authorized, or directed, the bringing of a suit in this state; and that thereupon the defendant paid to the plaintiff fifty five dollars, and received from him a receipt in full of accounts;—but the auditor found, that this suit was authorized by the plaintiff.

The county court, June Term, 1849,—HALL, J., presiding,—accepted the report and rendered judgment thereon in favor of the defendant, for the costs incurred by him subsequent to the payment. Exceptions by plaintiff.

———— for plaintiff, insisted, that the plaintiff was entitled to judgment for nominal damages and his costs,—citing *Stevens* v. *Briggs*, 14 Vt. 44; 1 Camp. 559; 3 Ib. 331.

*T. W. Park* for defendant.

The opinion of the court was delivered by

POLAND, J. The general doctrine, that, after a suit is brought upon a debt and costs incurred, the defendant cannot bar the plaintiff's suit by paying the debt merely, without also paying the costs, is well settled. And when such payment is made, the plaintiff will generally be entitled, in such case, if the costs are not paid, to take a judgment for nominal damages and his costs.

Whether, in a case, where, during the pendency of a suit, the plaintiff accepts the amount of his debt and gives a full release, or discharge, of the same, he can afterwards proceed and take a judgment for nominal damages and costs, it is not necessary now to decide. It is no doubt competent for a party, who has commenced an action, to receive the amount of his debt, and waive his claim for costs; and in a case, where costs were so waived, either in express terms, or by fair inference from the circumstances attending the transaction, the plaintiff would not be permitted to proceed with his suit for the recovery of costs, but would be subjected to pay costs, if he persisted in farther prosecution of his suit. In the present

case it appears from the auditor's report, that after this suit was commenced in this state, the plaintiff called upon the defendant in the state of New York to pay the debt, and threatened him with a suit there, unless he paid the debt, and then disavowed, that this suit was brought by his authority, or direction. The defendant thereupon paid the amount of the debt to the plaintiff, and took a discharge of the same; but it does not appear, that he paid any costs, or that the plaintiff claimed any; neither does it appear, that the plaintiff in terms waived the payment of costs.

If the plaintiff, with a knowledge that a suit had been brought and costs incurred, consented to accept the amount of his debt, without making any claim for costs, it would be a strong circumstance, tending to show he intended to relinquish his claim to costs, —but perhaps not alone sufficient to prevent the plaintiff from afterwards insisting upon costs. In the present case, however, the plaintiff stands upon much less favorable ground; he not only made no claim to costs, but, on the contrary, denied all connection with, or responsibility for, the suit, which had been brought,—although the auditor has found, that such statement was false, and that the suit was brought by his direction. The defendant had a right to rely upon his statement; and when the plaintiff not only denied having authorized this suit, but threatened to commence another for the same debt, the defendant might well suppose, the plaintiff would never call upon him to pay the costs of such unauthorized suit, and that he would be fully absolved from all claim of the plaintiff, by paying the debt.

The assertion of the plaintiff to the defendant, at the time he paid the amount of the plaintiff's debt, was fully equivalent, in our estimation, to an express waiver of any right to call upon him to pay costs in the suit; and having by such statements induced the defendant to pay him the amount he claimed as his debt, he ought not to be permitted to afterwards turn round and prosecute his suit merely for the recovery of a bill of costs.

Judgment affirmed.